UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL EARL BOSSE,<br><br>                  Plaintiff,<br><br>vs.<br><br>RANDY BLADES, SICI WARDEN, RDU STAFF, RDU SERGEANTS 8-HOUSE, SERGEANT LEE,<br><br>                  Defendants. | Case No. 1:19-cv-00271-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Michael Earl Bosse, a prisoner in custody of the Idaho Department of Correction (IDOC), filed a civil rights action and a request to proceed in forma pauperis. (Dkts. 2, 1.) The Court is required to review prisoner and pauper complaints seeking relief against a government entity or official to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915. The Court must dismiss a complaint that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed.

# REVIEW OF COMPLAINT

1.  **Standard of Law**

    Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

    Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a § 1983 claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute, proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    The Eighth Amendment to the United States Constitution protects convicted felons against cruel and unusual punishment in prison. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

A plaintiff must allege facts showing how each defendant personally violated his constitutional rights. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

There is no respondeat superior liability under §1983, meaning a supervisor cannot be sued simply because he or she is a supervisor. *Id*. Rather, a plaintiff must allege facts showing that a supervisor participated in an alleged constitutional violation by: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in

the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205-09 (9th Cir. 2011) (internal quotations and punctuation omitted).

A plaintiff cannot simply restate these standards of law in a complaint; instead, a plaintiff must provide specific facts supporting the elements of such a claim. He must allege facts showing a causal link between the Defendant and the injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

**2.     Factual Allegations**

Before or upon arriving at the IDOC Receiving and Diagnostic Unit (RDU), Plaintiff, a 60-year-old prisoner, warned unidentified prison officials that he was going to be beaten up by other prisoners. He conveyed his warnings both verbally and in a written "kite" (Offender Concern Form). However, on or near January 8, 2017, within eighteen hours of having arrived, he was attacked by an unknown prisoner and beaten until he was unconscious. Plaintiff suffered serious injuries. He asserts that the assailant was able to attack Plaintiff because Defendants purposely left his cell door open, allowing prisoners in the common area to come into the cell to harm him. He does not know who attacked him, because prison officials have kept that information confidential.

Plaintiff believes that prison staff may have been angry at him for quitting his job with the IDOC, or for another reason of which he is unaware. Plaintiff further alleges that Defendant Randy Blades had the incident report "erased," but video footage of the incident remains on surveillance video.

### 3. Discussion

Plaintiff's allegations state a colorable failure-to-protect claim, other than the fact that he has not sufficiently alleged the personal participation of any of the defendants. The Court is aware that, because Plaintiff is a prisoner, many of the facts surrounding what happened are not discoverable to him without litigation.

One of the only allegations specific to any defendant is that Sergeant Lee forced Plaintiff to return to the same housing unit after he was assaulted, but Plaintiff does not specify whether any harm occurred to him after he returned. Plaintiff does not state whether Sergeant Lee was one of the prison officials who was warned of the impending assault. Plaintiff will be required to file an amended complaint to state further facts showing how Sergeant Lee's decisions and actions caused Plaintiff's injury.

As to the identity and personal participation of unknown prison officials who may have ignored Plaintiff's warnings, the Court concludes that it would be more efficient to have counsel for Defendants investigate and report to the Court and Plaintiff who was involved and what happened in the form of a *Martinez* report, than it would to require Plaintiff to amend his Complaint without having access to this information. After Defendants file the *Martinez* report, Plaintiff can file an amended complaint.

In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court could not understand the plaintiff's allegations and ordered (before answer) that prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and

make a determination under section 1915(a). *Id.* at 319. The Ninth Circuit approved the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

The *Martinez* report shall be filed within 90 days after entry of this Order. All relevant exhibits addressing these issues should be attached to the report, and exhibits may be redacted for security and privacy reasons. The report should contain the following information if it is relevant to the claims and if it exists:

> (a) information about facts leading up to and following the defendants' acts at issue or the event against which the defendant allegedly failed to protect the plaintiff; (b) any knowledge the defendants had of any other person or condition that posed a risk of harm to the plaintiff, either by the defendant's own observation, a report by plaintiff, or a report by another person; (c) identification of all "8-house sergeants" who worked in the RDU on the date of the incident; (d) any reports of investigations into the act at issue or the event against which the defendants allegedly failed to protect the plaintiff; (e) all relevant records specific to the act at issue or the event against which the defendant allegedly failed to protect the plaintiff; (f) any video or audio recordings of the alleged event (the plaintiff may be permitted to view, but not retain, the video); and (g) any other information, items, and documents relevant to the specific claims and defenses at issue.

**4.     Instructions for Amendment**

Plaintiff shall file an amended complaint within 30 days after receiving the *Martinez* report.

  *A.     Format for Amended Complaint*

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each

defendant in the amended complaint, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place, including the dates each defendant was warned of the impending harm; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

After Plaintiff has asserted all of the claims against one defendant, he must follow the same format for each claim for relief he intends to assert against each additional defendant. When he has completed his amended complaint, he should prepare a short "motion to amend complaint" to accompany it and file both with the Clerk of Court.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve, via the ECF system, a copy of this Order and the Complaint on the following counsel on behalf of Defendants: Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

2. The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

3. Counsel for Defendants is requested to make a limited appearance for the purpose of providing a *Martinez* report, supported by any relevant records to address the issues set forth above. The *Martinez* report should be filed within **90 days** after entry of this Order.

4. The *Martinez* report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to the allegations of the Complaint and this Order. Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

5. Plaintiff may file an amended complaint within **30 days** after receiving the *Martinez* report. Thereafter, the Court will issue a successive review order.

6. Plaintiff's Motion for Subpoena of RDU Camera Footage (Dkt. 4) is DENIED as MOOT.

7. Plaintiff's Motion for Subpoena of Corizon Medical Files (Dkt. 4) is DENIED as premature, as these documents appear to be relevant only to damages.

8. Plaintiff's Motion to Proceed on Partial Payment of Court Fees (Dkt. 9) is DENIED. In federal court, full payment of the filing fee is required of prisoners, even if they are paupers. A separate order addressing Plaintiff's

In Forma Pauperis Application has been issued. (Dkt. 10.)

DATED: October 30, 2019

_____
B. Lynn Winmill
U.S. District Court Judge